UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WACHANIA NGUGI,<br><br>    Petitioner,<br><br>    v.<br><br>TODD M. LYONS, et al.,<br><br>    Respondents. | No.   1:25-cv-01783-KES-EPG<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND STAYING THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 2, 5 |

Petitioner Peter Wachania Ngugi is an immigration detainee proceeding with a first amended petition for writ of habeas corpus, Doc. 5, and motion for temporary restraining order, Doc. 2. Petitioner seeks his immediate release from immigration detention, arguing that his detention violates the Due Process Clause of the Fifth Amendment. Respondents argue that petitioner is entitled to a bond hearing under 8 U.S.C. § 1226 and that petitioner has thus far not sought such administrative relief in his immigration proceedings. The Court agrees that petitioner is entitled to a bond hearing under section 1226 and finds that petitioner has not exhausted that administrative remedy. The motion for temporary restraining order is denied on that basis. The Court stays further proceedings on the habeas petition pending petitioner's exhaustion of that administrative remedy.

1

**I.     Background**

Petitioner states he is a citizen of Kenya who lawfully entered the United States on a student visa in April 2000.  Doc. 5 ¶ 1.  Petitioner overstayed that visa and remained in the United States.  Doc. 2-3 at 44.  Petitioner subsequently married a U.S. citizen and recently had a child, who is also a U.S. citizen.  Doc. 5 ¶¶ 1–2.  Petitioner's wife is legally blind and has significant disabilities.  *Id.* ¶ 2.

In 2025, petitioner and his wife filed to adjust petitioner's status to that of a lawful permanent resident.  *Id.* ¶ 4.  After the paperwork was filed, USCIS issued a notice for petitioner and his wife to attend a green card interview in San Francisco, California.  *Id.* ¶ 5.  At the interview, petitioner was told he was being arrested for overstaying his visa.  *Id.* ¶ 9.  Petitioner was detained and subsequently transported to the California City Detention Facility.  *Id.* ¶ 10.

On December 1, 2025, petitioner filed a motion to terminate proceedings and requested immediate release pursuant to 8 C.F.R. § 1003.18(d)(1)(ii)(B).  Doc. 2 at 12.  The immigration court initially scheduled a December 2, 2025, hearing on the motion to terminate, but it cancelled the hearing without explanation.  *Id.* at 3.  Petitioner subsequently had a video hearing before an immigration judge on December 8, 2025.  Doc. 8 at 1.  Respondent confirms that "petitioner is detained pursuant to 8 U.S.C. § 1226(a)," and that, "at any time," petitioner "is entitled to request a bond or custody redetermination hearing pursuant to 8 U.S.C. § 1226(a)."  *Id.* at 1–2.  Petitioner's reply reflects that he has not requested such a § 1226(a) bond hearing in his immigration proceedings; he also argues that any such request would be futile.  Doc. 9 at 2.

Petitioner filed a first amended petition for writ of habeas corpus, Doc. 5, and a motion for temporary restraining order, Doc. 2.  Petitioner argues that that the Due Process Clause requires his release and requires that he be provided a pre-deprivation hearing prior to any re-detention.  *See* Docs. 2, 5.  Respondents filed an opposition to the motion for temporary restraining order, and they request that the petition for writ of habeas corpus be dismissed as moot.  Doc. 8.  Petitioner has filed a reply.  Doc. 9.  The matter is fully briefed and neither party has requested a hearing.

## II. Legal Standard

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

An initial issue, relevant to petitioner's likelihood of success on the merits, is whether petitioner has exhausted his administrative remedies. "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies'" unless exhaustion is excused. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)).

## III. Discussion

Respondents acknowledge that petitioner is being detained under 8 U.S.C. § 1226(a). Doc. 8 at 1. They concede that "[p]etitioner is entitled to request a bond or custody redetermination hearing pursuant to 8 U.S.C. § 1226." *Id.* at 2. They represent that petitioner is

entitled to request that custody redetermination "at any time" in his immigration proceedings. *Id.* Respondents argue that petitioner has not exhausted his administrative remedies because he has not requested such a bond hearing. *Id.* at 2. The Court construes respondents' representations as conceding that petitioner has a right to a prompt bond hearing under § 1226(a) upon request in his immigration proceedings. Petitioner agrees that "it is indisputable that [he] is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a)." Doc. 9 at 2. But he argues that he was not required to exhaust that administrative remedy before pursuing habeas relief. *Id.* at 2–7.

Petitioner argues that the circumstances of his detention violated due process, but his motion fails to establish a due process right to a pre-deprivation hearing prior to his detention. "Under § 1226(a), the Attorney General has 'general, discretionary' authority to detain a non-citizen 'pending a decision on whether the alien is to be removed from the United States.'" *Hernandez*, 872 F.3d at 982 (internal citation omitted). Section 1226(a) also provides the Attorney General with discretion to release non-citizen detainees on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Petitioner cites to cases in which this Court and other courts have found that a non-citizen developed a liberty interest after being released by the government pursuant to 1226(a), and that due process required a pre-deprivation bond hearing before that release could be revoked and the non-citizen re-detained. *See, e.g.*, *Guzman v. Andrews*, No. 1:25-cv-01015-KES-SKO (HC), 2025 WL 2617256, at *1 (E.D. Cal. Sept. 9, 2025).[1] But, here, petitioner had not previously been granted release by immigration authorities. Rather, the record reflects that ICE agents detained him and initiated immigration proceedings against him for the first time in 2025,

---

[1] In support of his due process claim, petitioner also cites to *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025). The petitioner in that case alleged that his detention violated the Immigration and Nationality Act ("INA"), and that statutory claim was the basis for the court's decision. In contrast, petitioner's motion and petition do not assert such a statutory claim. *See* Doc. 2. To the extent petitioner's reply brief, in connection with his due process argument, briefly asserts that the government detained him in violation of an unspecified statute, *see* Doc. 9 at 8, that is insufficient to assert a separate statutory claim. Also, "[a]s a general rule, courts do not consider arguments raised for the first time on reply." *Padilla v. City of Richmond*, 509 F. Supp. 3d 1168, 1180 (N.D. Cal. 2020). As the matter is not adequately briefed, this Order does not address whether the government violated an unspecified provision of the INA or its implementing regulations by the context in which it arrested petitioner.

1  under § 1226(a). And, as respondents acknowledge, petitioner is entitled to a bond hearing under
2  § 1226(a) to determine whether he should be released pending those immigration proceedings.
3        The issue is whether petitioner should be required to exhaust his administrative remedy of
4  a § 1226(a) bond hearing prior to seeking habeas relief. The Ninth Circuit has found § 1226(a)'s
5  procedures to be facially valid, although an as-applied due process challenge to § 1226(a)'s
6  procedures is not foreclosed. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022)
7  (finding § 1226(a)'s procedures satisfied due process both facially and as applied to Rodriguez
8  Diaz but noting "we do not foreclose all as-applied challenges to § 1226(a)'s procedures").
9        A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

14  *Hernandez*, 872 F.3d at 988 (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). Even
15  if the *Puga* factors weigh in favor of prudential exhaustion, prudential exhaustion may be waived
16  if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies
17  would be a futile gesture, irreparable injury will result, or the administrative proceedings would
18  be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). If petitioner is
19  prudentially required to exhaust administrative remedies but fails to do so, a district court may
20  dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted
21  administrative remedies. *Id.*
22        As to the first *Puga* factor, petitioner argues that agency expertise is not necessary to
23  generate a proper record or reach a proper decision, citing *Hernandez Burruel v. Murray*, No.
24  1:25-CV-01569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). Doc. 9 at 5. The
25  Court agrees with the *Hernandez Burruel* court's analysis that "here agency expertise is not
26  necessary to generate a proper record or reach a proper decision," as "[i]t is undisputed by the
27  parties before the Court that petitioner is entitled to a bond hearing pursuant to 8 U.S.C.
28  § 1226(a)." *Hernandez Burruel*, 2025 WL 3240356, at *3.

1    But as to the second *Puga* factor, the Ninth Circuit has held that Section 1226(a) provides
2    facially constitutional procedures, *Rodriguez Diaz*, 53 F.4th at 1213, and petitioner has not
3    established at this point that those procedures would be constitutionally inadequate as applied to
4    him. In his motion, petitioner seeks an order for his immediate release. Granting petitioner's
5    requested relief would "bypass" the administrative scheme under § 1226(a) and its implementing
6    regulations. While such relief was warranted in *Hernandez Burruel* as the petitioner in that case
7    had not had an opportunity to request a bond hearing because he had not been placed within the
8    immigration court's jurisdiction, *see Hernandez Burruel*, 2025 WL 3240356, at *3, here, in
9    contrast, petitioner is in immigration proceedings and he has thus far not sought a bond hearing
10   despite being entitled to one, *see* Doc. 2 at 12. In this case, the second *Puga* factor thus weighs in
11   favor of requiring petitioner to exhaust his administrative remedy of a § 1226(a) bond hearing.

12   The third *Puga* factor, whether administrative review would be likely to allow the agency
13   to correct its own mistake and to preclude the need for judicial review, also weighs in favor of
14   requiring petitioner to exhaust his administrative remedy. Petitioner does not dispute that he is
15   being detained under section 1226(a), that he has had a hearing before an immigration judge, and
16   that he has ongoing immigration proceedings. It is undisputed that petitioner is entitled to a
17   prompt bond hearing and detention redetermination under § 1226(a). Requiring petitioner to
18   exhaust his administrative remedy under § 1226(a) through the immigration court would allow
19   "the agency to correct its own mistakes" and may "preclude the need for judicial review." *Puga*,
20   488 F.3d at 815.

21   The *Puga* factors weigh in favor of requiring petitioner to exhaust his administrative
22   remedy of a § 1226(a) bond hearing. Such a hearing is a facially constitutional procedure,
23   *Rodriguez Diaz*, 53 F.4th at 1197, 1202, and petitioner has not established on the present record
24   that this remedy would be futile or inadequate in his case. As respondents concede that petitioner
25   is entitled to a § 1226(a) bond hearing, and petitioner has had, and continues to have, the
26   opportunity to request a hearing in his immigration proceedings, it would be premature to find
27   that this administrative remedy would be futile. Although petitioner argues that he will be
28   irreparably injured by continued detention, as respondents note he may request a § 1226(a) bond

6

hearing "at any time." The Court cannot find that the government has unduly delayed in scheduling such a hearing when petitioner acknowledges that he has not yet sought one. If the § 1226(a) bond hearing procedures are applied to petitioner in an unconstitutional manner, or if, despite respondents' representations, the immigration court fails to promptly conduct such a hearing upon request, petitioner may seek habeas relief for any such deprivation. The *Puga* factors thus weigh in favor of requiring petitioner to exhaust his administrative remedy, and petitioner has not established that waiver of the exhaustion requirement is warranted. The Court exercises its discretion to stay further proceedings on the petition pending such administrative exhaustion.

### IV. Conclusion and Order

The motion for temporary restraining order, Doc. 2, is DENIED. Further proceedings regarding the first amended petition for writ of habeas corpus, Doc. 5, are STAYED pending petitioner's administrative exhaustion of his § 1226(a) remedy.

The parties shall file a status report within twenty-one (21) days concerning whether petitioner has sought a § 1226(a) hearing and the outcome of any such hearing.

IT IS SO ORDERED.

Dated:   January 6, 2026

UNITED STATES DISTRICT JUDGE