# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WACHANIA NGUGI,<br><br>  Petitioner,<br><br>  v.<br><br>TODD M. LYONS, et al.,<br><br>  Respondents. | Case No. 1:25-cv-01783-KES-EPG-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND, DIRECTING PETITIONER TO FILE ECF No. 18-1 AS SECOND AMENDED PETITION, VACATING HEARING SET FOR MARCH 27, 2026, AND SETTING BRIEFING SCHEDULE<br><br>(ECF No. 18) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 19, 2026, Petitioner filed the instant motion for leave to file a second amended petition. (ECF No. 18.)

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, Petitioner has moved for leave to file a second amended petition "to add additional information about Petitioner's bond hearing before the immigration court and add claims for relief for violation of 8 U.S.C. § 1255 and the *Accardi* doctrine and due process based on the prior and new allegations." (ECF No. 18 at 3.) Respondents have indicated that they do not oppose the motion to amend. (Id.) As there is no evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," Foman, 371 U.S. at 182, the Court finds that justice requires granting leave to amend.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (citing S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Flam, 788 F.3d at 1046).

"It should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas, 791 F.3d at 1164. Given that granting the unopposed motion to amend in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant the motion.

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion to amend (ECF No. 18) is GRANTED;
2. Petitioner is DIRECTED to file ECF No. 18-1 as the Second Amended Petition within seven (7) days of the date of service of this order;
3. The hearing set for March 27, 2026, is VACATED;
4. Within **FORTY-FIVE (45) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the Second Amended Petition ("SAP"). See Rule 4, Rules Governing Section 2254 Cases;[1] Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[2] A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the SAP. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the SAP.

5. Within **FORTY-FIVE (45) days** after service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the SAP. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**
6. If Respondent files an Answer to the SAP, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date of service of Respondent's Answer. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

///

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.
[2] See also Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

7. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **FOURTEEN (14) days** after the Opposition has been filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

IT IS SO ORDERED.

Dated: **February 20, 2026**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE