# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WACHANIA NGUGI, | Case No. 1:25-cv-01783-KES-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| TODD M. LYONS, et al., | (ECF No. 21) |
| Respondents. | ORDER VACATING MARCH 27, 2026 HEARING |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting Petitioner's motion for preliminary injunction and ordering Petitioner's immediate release.

## I.

## BACKGROUND

Petitioner is a citizen of Kenya who lawfully entered the United States on a student visa in April 2000. (ECF No. 20 at 10.[1]) Petitioner overstayed that visa and remained in the United States. (ECF No. 20-3 at 4.) Petitioner subsequently married a U.S. citizen and recently had a child, who is also a U.S. citizen. (ECF No. 20 at 5.) Petitioner's wife is legally blind and has significant disabilities. (Id. at 2.) In 2025, Petitioner and his wife filed to adjust Petitioner's status to that of a lawful permanent resident. After the paperwork was filed, U.S. Citizenship and Immigration Services ("USCIS") issued a notice for Petitioner and his wife to attend an

_____

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

interview on November 18, 2025 in San Francisco, California. (ECF No. 20 at 2, 5–6.) At the interview, Petitioner was told he was being arrested for overstaying his visa. (Id. at 3–4.) Petitioner was detained and subsequently transported to the California City Detention Facility. (Id.at 4.)

On December 8, 2025, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On December 9, 2025, Petitioner filed a first amended petition ("FAP"). (ECF No. 5.) On January 6, 2026, the assigned district judge denied the motion for TRO and stayed the FAP, stating:

> The Court agrees that petitioner is entitled to a bond hearing under section 1226 and finds that petitioner has not exhausted that administrative remedy. The motion for temporary restraining order is denied on that basis. The Court stays further proceedings on the habeas petition pending petitioner's exhaustion of that administrative remedy.

(ECF No. 11 at 1.)

On February 3, 2026, the Adelanto Immigration Court held a bond hearing and denied Petitioner's request for release on bond. (ECF Nos. 15, 16.) On February 17, 2026, the Court lifted the stay and referred the matter to the undersigned. (ECF No. 17.) On February 19, 2026, Petitioner filed an unopposed motion to amend, which was granted on February 20, 2026. (ECF Nos. 18, 19.)

On February 24, 2026, Petitioner filed a second amended petition ("SAP") and a motion for preliminary injunction. (ECF Nos. 20, 21.) The motion for preliminary injunction was referred to the undersigned. (ECF No. 22.) On March 10, 2026, Respondents filed an opposition to the motion for preliminary injunction. (ECF No. 23.) On March 17, 2026, Petitioner filed a reply. (ECF No. 24.)

## II.

## DISCUSSION

### A. Preliminary Injunction Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 576 U.S. 863, 876 (2015) (internal quotation marks omitted) (quoting Winter, 555 U.S. at 20). The Ninth Circuit "has adopted the 'serious questions' test—a 'sliding scale' variant of the *Winter* test—under which a party is entitled to a preliminary injunction if it demonstrates":

> (1) "serious questions going to the merits," (2) "a likelihood of irreparable injury," (3) "a balance of hardships that tips sharply towards the plaintiff," and (4) "the injunction is in the public interest." *Id.* at 1135.[2] As to the first factor, the serious questions standard is "a lesser showing than likelihood of success on the merits." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).

Flathead-Lolo-Bitterroot Citizen Task Force v. Montana, 98 F.4th 1180, 1190 (9th Cir. 2024) (footnote added).

**B. Likelihood of Succeeding on the Merits**

Petitioner asserts that he "is likely to succeed on the merits because his detention violates 8 U.S.C. § 1255, under which Congress established the procedure for non-citizens like Mr. Ngugi to adjust their status while remaining in the United States." (ECF No. 21 at 13.) Respondents do not address Petitioner's § 1255 claim whatsoever.[3]

The Court finds Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), instructive:

> The court . . . adopts the district court's reasoning in *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018), in which the district court stated:
>
> > The Court rejects arrest and detention practices predicated on manipulating the laws that Congress has passed. Congress did not intend its carefully considered adjustment of status process for a select group of aliens to become a

---

[2] Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

[3] Respondents argue that the "motion for preliminary injunction should be denied for a number of reasons. First, the judgment directed the government to provide the petitioner with a bond hearing, and the government has done that – a bond hearing was conducted by an Immigration Judge on February 4, 2026." (ECF No. 23 at 1–2.) The Court notes that there is no judgment in this case and the Court has not ordered Respondents to provide Petitioner with a bond hearing. Rather, the Court stayed this matter so that Petitioner could request a bond hearing and exhaust administrative remedies. (ECF No. 11.)

> mechanism for "gotcha" law enforcement. Nor could it, without raising serious constitutional concerns. These type of bait-and-switch tactics are not only a perversion of the statute, but also likely offensive to "the concept of ordered liberty." *Rochin v. California*, 342 U.S. 165, 169, 72 S. Ct. 205, 96 L. Ed. 183 (1952) (internal quotation marks omitted).
>
> Because courts "must assume that when drafting the INA, Congress did not intend an absurd or manifestly unjust result," *Lockhart v. Napolitano*, 573 F.3d 251, 260 (6th Cir. 2009), the Court concludes that Congress could not have intended its silence on the interplay between adjustment and removal to permit ICE to exploit the former in service of the latter. Accordingly, Petitioner has demonstrated that his arrest at USCIS's offices and his detention pursuant to that arrest likely violated the INA.
>
> *Id.* at 466. Moreover, other courts have found the same in the context of individuals pursuing applications for provisional waivers. *Sanchez v. McAleenan*, No. 19-cv-01728, 2024 WL 1256264, at *7 (D. Md. Mar. 25, 2024) ("The Court finds that by using the provisional waiver process to lure non-citizen spouses of U.S. citizens to Customs and Immigration Services facilities only to then arrest, detain, and eventually remove the applicants, Defendants have acted arbitrarily and nullified their own regulations in violation of Due Process, the APA, and the INA itself."); *De Jesus Martinez v. Nielsen*, 341 F. Supp. 3d 400, 410 (D. N.J. 2018) (same); *Wanrong Lin v. Nielsen*, 377 F. Supp. 3d 556, 564 (D. Md. 2019) (same).
>
> Accordingly, the court concludes that petitioner has demonstrated a likelihood of success on the merits of his claim that arresting him at his adjustment of status interview violates the INA. *You, Xiu Qing*, 321 F. Supp. 3d at 469 (restoring the petitioner to the *status quo ante litem* by ordering a "stay of removal and release from custody").

Franco, 2025 WL 3280782, at *2.

The undersigned adopts the reasoning in You and Franco and recommends finding that Petitioner has demonstrated a likelihood of success on the merits of his claim that arresting him at his adjustment of status interview violates the Immigration and Nationality Act.[4]

///

---

[4] In light of this conclusion, the Court declines to address Petitioner's claims that he "is also likely to succeed on the merits because immigration judges are no longer independent decision makers and, thus, his bond hearing did not comply with due process" and "the bond hearing still failed to comport with due process because Mr. Ngugi was not permitted to put on witnesses or evidence during the very short hearing." (ECF No. 21 at 15, 22.)

4

**C. Likelihood of Suffering Irreparable Harm**

"In addition to a likelihood of success on the merits, '[a] plaintiff seeking a preliminary injunction must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief.'" Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) (quoting Winter, 555 U.S. at 20). "Deprivation of physical liberty by detention constitutes irreparable harm." Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018). Further, the Ninth Circuit has recognized "the irreparable harms imposed on anyone subject to immigration detention." Hernandez, 872 F.3d at 995 (noting "the American Bar Association describes evidence of subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained. The University of California, Irvine School of Law's Immigrant Rights Clinic relates the story of a detainee who was forced to miss her murdered mother's funeral because she could not afford a $9,000 bond and details the abuse another detainee suffered at the hands of guards and detainees, resulting in mental health problems").

Accordingly, the undersigned recommends finding that Petitioner has established that he is likely to suffer irreparable harm in the absence of preliminary relief.

**D. Balance of Equities and the Public Interest**

To obtain a preliminary injunction, Petitioner must also demonstrate that "the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20. "When, like here, the nonmovant is the government, the last two *Winter* factors 'merge.'" Baird, 81 F.4th at 1040 (citing Nken v. Holder, 556 U.S. 418, 435 (2009); Roman v. Wolf, 977 F.3d 935, 940–41 (9th Cir. 2020) (per curiam)). "Although the government has a strong interest in enforcing the immigration laws, the government 'cannot reasonably assert that it is harmed in any legally cognizable sense' by being compelled to follow the law." Crispin M. C. v. Noem, No. 1:25-cv-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (quoting Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983)). "In addition, 'the public has a strong interest in upholding procedural protections against unlawful detention,' *Ortiz Vargas*, 2020 WL 5074312, at *4, and the Ninth Circuit has recognized that '[t]he costs to the public of

immigration detention are "staggering,"' *Hernandez*, 872 F.3d at 996." Jorge M. F. v. Wilkinson, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (alteration in original).

Accordingly, the undersigned recommends finding that the balance of equities tips in Petitioner's favor and that an injunction is in the public interest.

### E. Conclusion

In sum, the Court finds that the requirements for issuing a preliminary injunction are satisfied. "The 'purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.'" Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1024 (9th Cir. 2016) (quoting Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009)). "'Status quo ante litem' refers to 'the last uncontested status which preceded the pending controversy.'" Boardman, 822 F.3d at 1024 (quoting GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000)). Accordingly, the undersigned recommends that the motion for preliminary injunction be granted, Petitioner be immediately released, and Respondents be enjoined "from using the adjustment of status process to re-detain petitioner, including at or near any future interview related to petitioner's application for adjustment of status." Franco, 2025 WL 3280782, at *3.

### F. Bond

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The district court retains discretion 'as to the amount of security required, *if any*.'" Diaz v. Brewer, 656 F.3d 1008, 1015 (9th Cir. 2011) (quoting Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009)). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003). The undersigned recommends that no security be required. See Franco, 2025 WL 3280782, at *3 ("Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.").

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion for preliminary injunction (ECF No. 21) be granted;

2. Respondents be directed to immediately release Petitioner; and

3. Respondents be enjoined and restrained from using the adjustment of status process to re-detain Petitioner, including at or near any future interview related to Petitioner's application for adjustment of status.

Further, the Court HEREBY VACATES the hearing on the motion for preliminary injunction set for March 27, 2026.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2026**          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE