UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WACHANIA NGUGI,<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, et al.,<br><br>Respondents. | No.  1:25-cv-01783-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND REFERRING MATTER TO MAGISTRATE JUDGE<br><br>Docs. 21, 27 |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 24, 2026,[1] the assigned magistrate judge issued findings and recommendations that recommended granting petitioner's motion for preliminary injunction and ordering petitioner's immediate release.  Doc. 27.  On March 31, 2026, respondents filed timely objections, and petitioner filed a reply.  Docs. 28, 29.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including respondents' objections, the Court concludes that the

---

[1] The findings and recommendations were signed on March 23, 2026, but not docketed until March 24, 2026.

1

findings and recommendations are supported by the record and proper analysis.  Respondents' objections do not address the magistrate judge's finding that petitioner is likely to succeed on the merits of his claim that his detention violates 8 U.S.C. § 1255.  *See* Docs. 23, 28.  The Court adopts the reasoning of *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025) and *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018) and agrees with the findings and recommendations that petitioner is likely to succeed on his claim.

The magistrate judge also recommended that the government be enjoined "from using the adjustment of status process to re-detain Petitioner, including at or near any future interview related to Petitioner's application for adjustment of status." Doc. 27 at 7.  Respondents argue that such injunction would be overbroad and could encroach on the government's operational procedures, but respondents provide no explanation of how requiring respondents to comply with the statutory scheme created by Congress exceeds the Court's authority.  *See* Doc. 28.  The Court adopts the magistrate judge's recommendation for such injunction.  *See Franco,* 2025 WL 3280782, at *3 (granting petitioner's motion for temporary restraining order and enjoining respondents "from using the adjustment of status process to re-detain petitioner, including at or near any future interview related to petitioner's application for adjustment of status").

Accordingly,

1.  The findings and recommendations issued on March 24, 2026, Doc. 27, are ADOPTED in full;

2.  Petitioner's motion for preliminary injunction, Doc. 21, is GRANTED;

3.  Respondents are ORDERED TO RELEASE PETITIONER IMMEDIATELY;

4.  Respondents are ENJOINED and RESTRAINED from using the adjustment of status process to re-detain petitioner, including at or near any future interview related to petitioner's application for adjustment of status;

5.  The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond; and

2

6.  This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:    April 7, 2026

_____
UNITED STATES DISTRICT JUDGE

3