# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER WACHANIA NGUGI,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

Case No. 1:25-cv-01783-KES-EPG-HC

FINDINGS AND RECOMMENDATION TO GRANT SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS

(ECF No. 20)

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in the order granting preliminary injunction, the undersigned recommends that the petition for writ of habeas corpus be granted.

**I.**

**BACKGROUND**

On December 8, 2025, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On December 9, 2025, Petitioner filed a first amended petition ("FAP"). (ECF No. 5.) On January 6, 2026, the assigned district judge denied the motion for TRO for failure to exhaust administrative remedies and stayed the FAP pending exhaustion of administrative remedies. (ECF No. 11.)

On February 3, 2026, the Adelanto Immigration Court held a bond hearing and denied Petitioner's request for release on bond. (ECF Nos. 15, 16.) On February 17, 2026, the Court

lifted the stay. (ECF No. 17.) On February 24, 2026, Petitioner filed a second amended petition ("SAP") and a motion for preliminary injunction. (ECF Nos. 20, 21.) On March 24, 2026, the undersigned issued findings and recommendation to grant the motion for preliminary injunction. (ECF No. 27.) On April 8, 2026, the district judge adopted the findings and recommendation, adopted the reasoning of Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), and You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018), and found that Petitioner was likely to succeed on the merits of his claim that his detention violates 8 U.S.C. § 1255. (ECF No. 30.)

This matter was referred to the undersigned "for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action." (ECF No. 30 at 3.[1]) On April 10, 2026, Respondents filed a response to the petition, and Petitioner filed a reply on May 8, 2026. (ECF Nos. 32, 33.)

## II.

## DISCUSSION

In the response, Respondents state that "[f]or the reasons set forth in the Respondents' previous filings, Respondents continue to oppose with respect to the Petitioner's habeas petition." (ECF No. 32 at 1.) These arguments have been rejected by this Court in the findings and recommendations and order granting preliminary injunction. Accordingly, for the reasons stated in the findings and recommendations and order granting preliminary injunction, the undersigned recommends that the second amended petition for writ of habeas corpus be granted on the fourth claim for relief.[2]

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the second amended petition for writ of habeas corpus (ECF No. 20) be GRANTED on the fourth claim for relief.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] In light of this conclusion, the Court declines to address Petitioner's other claims.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE